### ROBERT L. GREENE *vs.* JAMES A. WILLIAMS.

#### PROVIDENCE—DECEMBER 13, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Proceedings against Garnishee. Statutory Bar. Requisites of Affidavit.*

A garnishee charged by default is not relieved from liability by delivering to the officer on execution the affidavit provided for by statute, unless he also turn over to the officer the money and property belonging to the defendant which the affidavit may show to be in his hands.

CASE against a garnishee in a former action who had been charged by default.    Defendant pleaded delivery to the officer on execution the delivery of an affidavit setting forth that the property in his hands was held by him not as trustee for the original defendant but for his creditors.    Plaintiff's replication set up contradictory matters, and hearing was on defendant's demurrer to such replication.

(1)    PER CURIAM.    In order to make an affidavit delivered to an officer on execution, under Gen. Laws R. I. cap. 256, § 21, a bar to proceedings against a garnishee who has been charged by previous default, he must turn over to the officer the money and the property in his hands belonging to the defendant as disclosed by his affidavit.    If, therefore, it appears from the affidavit that the property in his hands was

held by him as trustee for the defendant, it follows that he is not discharged unless he has turned it over to the officer as required by the statute. The defendant sets up in his plea that he had property in his hands which he held as receiver, and hence as trustee, for creditors and not for the corporation of which he had been appointed receiver. To this the plaintiff replies : (1) That there was no jurisdiction in the court to appoint him a receiver, and hence he could not be regarded as trustee for creditors. (2) That at the time when the affidavit was made the suit in which the defendant had been appointed receiver had been discontinued, and hence that the property in his hands was held by him as trustee for the corporation and not for creditors. (3) That the property in the defendant's hands was under attachment at the time and wrongfully taken by him from the possession of the officer holding it, because said decree appointing the defendant as receiver did not direct him to take possession of property under attachment, and consequently was not properly in his hands as receiver. If these replications are substantiated, they show that the defendant failed to comply with the requirements of the statute referred to, and consequently they are good replications to his plea.

Demurrer to the plaintiff's replications overruled, and case remitted to the Common Pleas Division for further proceedings.

*Samuel S. Stone and Edward F. Lovejoy,* for plaintiff.
*Patrick H. Mulholland,* for defendant.